NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record. The disposition will appear in tables published periodically.

# United States Court of Appeals for the Federal Circuit

05-3221

CAROL A. ROCCO,

Petitioner

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: November 18, 2005

_____

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

The divorced wife of a deceased retired federal civilian employee seeks a portion of her former husband's Civil Service Survival Annuity. She relies upon a provision of the divorce decree. The Merit Systems Protection Board ("Board") upheld the decision of the Office of Personnel Management ("OPM") that under the governing statutes and regulations she could not invoke the divorce decree as a basis for her claim. We affirm.

I

The facts are undisputed. Carol and Louis Rocco married in 1967. At the time, he was serving in the United States Army. He retired from the United States Army in 1978 and began drawing military retirement benefits. He then started working for the Department of Veterans Affairs.

In 1984 the Roccos were divorced in New Mexico. The divorce decree gave her "[o]ne-third of the disposable retired or retainer pay of Husband." Under the decree,

> [he] also agree[d] to retain [Carol Rocco] as the irrevocable beneficiary of the survivor benefit annuity portion of his retirement pay . . . This voluntary election by [Louis Rocco] is in consideration of [Carol Rocco]'s having given up her career on numerous occasions to relocate and start again in her own career because of changes in [Louis Rocco]'s duty stations during his military career.

Louis Rocco then made for Carol Rocco a "deemed former spouse election" with the Department of the Army ("Army") to create a survivor benefit annuity. OPM paid his former wife one third of his retirement pay, as the divorce decree provided.

Later in 1994, Louis Rocco remarried.

In November 2000, he retired from his civilian job. He waived his military retirement pay so his military service could be included in calculating the amount of his Civil Service retirement annuity. In effecting that waiver, Louis Rocco did not fully complete OPM's prescribed form. Because of this, OPM did not learn of the divorce decree until 2001, after it had accepted the waiver.

In March 2001, Louis Rocco elected a survivor benefit "for my spouse." In August 2001, OPM learned about the divorce decree, and retroactively deducted from Louis Rocco's annuity and paid Carol Rocco the amounts she would have received

under the divorce decree. Pub L. No. 104-201 (1996); see 5 U.S.C. § 8411(c)(5) (2000).

Louis Rocco died in October 2002. Carol Rocco applied for survivor's annuity payments under the Civil Service retirement system. She based her claim to those benefits on the divorce decree.

OPM denied the claim. In its reconsideration decision, it stated that the Civil Service Retirement Spouse Equity Act of 1984 ("Spouse Equity Act"), Pub. L. No. 98-615, 98 Stat. 3195, which allowed OPM to consider divorce decrees, did not cover divorces occurring before May 7, 1985, and that the divorce decree "did not instruct Mr. Rocco to provide survivor benefits for you after his death."

The Board affirmed. In his initial decision, which became final when the Board denied review, the administrative judge held that Carol Rocco did not "qualify for a survivor's benefit under" the Spouse Equity Act because "the provisions of [that] Act that allow for the enforcement of divorce decrees are only applicable to decrees issued on or after May 7, 1985, and the appellant and the annuitant were divorced in March 1984." He stated that the provisions that permitted "a former spouse to apply for a survivor annuity without regard to the provision in the applicable divorce decree required that such applications be filed by May 7, 1989, and the appellant did not request a survivor annuity until after the annuitant's death in 2002." The administrative judge further held that, in waiving military retirement pay in 2001, Louis Rocco had not shown the "'required unmistakable intent' to elect a survivor annuity" for his former wife.

Carol Rocco primarily bases her claim to a survivor's annuity on the provisions of the divorce decree giving her "[o]ne-third of the disposable retired or retainer pay of [her] Husband" and agreeing to "retain" [her] as the irrevocable beneficiary of the survivor benefit annuity portion of his retirement pay." If Louis Rocco had continued to receive retirement benefits under the Army retirement system, she could have had a valid claim.

Unfortunately for Carol Rocco, however, her former husband waived his right under the military retirement system, and elected instead to use his military service to increase his civil service retirement benefits. The effect of that waiver was to end his military retirement benefits and to limit his retirement benefits to those provided under the Civil Service Retirement Act.

Under the Spouse Equity Act, which governs the rights of civil service annuitants' spouses or former spouses, "a former spouse of a deceased employee . . . is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for . . . in the terms of any decree of divorce." 5 U.S.C. § 8341 (h)(1) (2000). The Act further provided that § 8341 would be effective "one hundred and eighty days after enactment" and would apply "to any individual who, on or after such effective date, is married to any employee or Member." 93 Stat. at 3204; see 5 U.S.C. 8341 (note).

In other words, the divorce-protected rights of a former spouse recognized in § 8341(h)(1) exist only with respect to individuals who were spouses 180 days after the effective date of the Act, i.e., on May 7, 1985. Accordingly, there are no federal survivor rights under the Spouse Equity Act based on divorces before May 7, 1985. OPM

regulations so recognize. See 5 C.F.R. § 838.1004(d)(1) (2004) (only divorce decrees rendered on or after May 7, 1985 are "qualifying court orders").

Because the Roccos were divorced in 1984, Carol Rocco cannot invoke that provision of the Spouse Equity Act, upon which her claim to survivor annuity benefits primarily rests.

Carol Rocco also relies on 10 U.S.C. § 1450(f)(2) (2000), which bars members of the military establishment who are required, pursuant to a divorce decree or court order, to provide an annuity to a former spouse, from changing an election to provide such annuity expect pursuant to a court order authorizing such change. This provision, however, deals only with annuities for members of the military service. It is not available to Carol Rocco, because her former husband waived his retirement benefits under the military retirement system when he elected to use his military service to enhance his Civil Service Retirement Benefits.

Carol Rocco also challenges her former husband's waiver of military retirement benefits because of alleged procedural errors in effecting that action. In the context of this case, however, these arguments are unpersuasive.

Finally, she apparently argues that the government should be estopped from denying her military survivor's benefit because it failed to give her adequate notice for her to challenge Louis Rocco's waiver of those benefits. The Supreme Court "has never upheld as assertion of estoppel against the Government by a claimant seeking public funds." Office of Personnel Management v. Richmond, 496 U.S. 414, 434 (1990). "Payments of money from the Federal Treasury are limited to those authorized by statute." Id. at 416. As we have shown, there is no statutory authorization for

payment of civil service annuity retirement benefits to Carol Rocco, and she cannot invoke estoppel to obtain such benefits.

We realize that our decision defeats some of Carol Rocco's expectations under the divorce decree. On the other hand, when Louis Rocco elected a survivor's annuity "for my spouse," after retirement from his civilian job, he intended to benefit his second wife rather than Carol Rocco. In any event, under the complex detailed statutory provisions governing retirement and survivor benefits for former wives of military and civilian employees, Carol Rocco could not qualify for Louis Rocco's survivor's annuity benefits.

## CONCLUSION

The decision of the Merit Systems Protection Board upholding OPM's denial of survivor's benefits to Carol Rocco is

## AFFIRMED.